```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
VICTORIA'S SECRET STORES, LLC,       :
VICTORIA'S SECRET DIRECT, LLC, and   :
BATH & BODY WORKS, INC.              :
                                     :
                Plaintiffs,          :
           v.                        :   06 Civ. 14436 (BSJ)
                                     :
ASPEN LICENSING INTERNATIONAL, INC.  :      Order
                                     :
                Defendant.           :
                                     :
--------------------------------------X
```

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Plaintiffs, Victoria's Secret Stores, LLC ("VSS"), Victoria's Secret Direct, LLC ("VSD"), and Bath & Body Works, Inc.("BBW") (collectively "Plaintiffs" or "VS & BBW"), initiated this action by filing a complaint for a Declaratory Judgment with this Court on December 13, 2006. Before the Court is defendant Aspen Licensing International, Inc.'s ("ALI" or "Defendant") motion to dismiss or stay this civil action in favor of an action filed by ALI in the Northern District of Florida ("the Florida Action") on December 19, 2006. For the reasons discussed below, Defendant has not met its heavy burden of showing that "special circumstances" exist which justify dismissing this first-filed action or that the balance of convenience favors the Florida Action. Therefore, Defendant's motion is DENIED.

1

I. FACTUAL BACKGROUND

ALI is a Florida corporation with its principal place of business in the State of Florida. VS and BBW are Delaware corporations with their principal place of business in the State of Ohio. Both VS and BBW are wholly owned subsidiaries of Limited Brands, Inc. Both Plaintiffs and Defendant are licensed to do business in New York.

ALI claims to own the trademark "Aspen" in a number of categories, including women's clothing, luggage and personal care products. (*See* Maltz Decl. ¶ 2). ALI claims to license the ASPEN trademark to various clothing and luggage manufacturers and directly markets and sells handbags and personal care products under the "Aspen" mark. (*Id*. at ¶ 3).

VS manufactures lingerie, clothing, accessories, and personal care and beauty products which are sold and distributed nationally through company-owned stores and worldwide through its website. (Pl. Mem. at 2). BBW sells personal care and beauty products nationally through its company owned stores and through its website worldwide. (*Id*.)

During the 2006 Holiday season, VS began selling winter clothing items which featured winter and ski themed imagery. Some of these clothing items featured the word "Aspen." Similarly, BBW used the word "Aspen" in connection with a line of its holiday products. In early November, 2006 ALI's

president and CEO, Robert Maltz, contacted Plaintiffs via telephone and demanded that they discontinue all use of the "Aspen" trademark. (Maltz Decl. ¶ 4; Colucci Decl.¶ 2). Following the initial phone call, Mr. Maltz and Janice Yoon, counsel for the Plaintiffs, exchanged a series of emails. (Yoon Decl., Ex. 1-6). In the first email, dated November 10, Mr. Maltz repeated his objection to the Plaintiffs' use of the word "Aspen" on VS's clothing and BBW's products and stated that Plaintiffs could 1)immediately cease and desist, 2) become a licensee or 3) make a bulk payment. (Yoon Decl., Ex. 1). On November 13, Mr. Maltz forwarded photographs of the alleged infringements and wrote that "I feel these issues must be immediately discussed and that in the case of [BBW], a license agreement would be the easiest way to resolve this." (Yoon Decl., Ex. 2).

In a letter to Mr. Maltz dated November 21, 2006, Plaintiffs responded to ALI's claims, stating that 1) the use of the word "Aspen" on the BBW and VS products did not constitute trademark usage, 2) there was no likelihood of consumer confusion, and 3) there are a number of third parties who have registrations for marks that include the word "Aspen." (Maltz Decl., Ex. A).  ALI responded through counsel in a letter dated November 28, 2006, which restated ALI's objections to Plaintiffs' use of "Aspen" and demanded that sales of VS and BBW

3

"Aspen" products immediately cease and restitution for past infringement be paid.(Holliman Decl., Ex. 1).  This November 28th letter further states that "[a]ny continued use of the trademark or the derivatives thereof without express permission will be considered intentional infringement, which may entitle Ali to treble damages plus attorney's fees in any litigation which may arise." (*Id.*).

    Plaintiffs responded to ALI in a letter dated December 1, 2006, restating their belief that VS and BBW were not infringing on ALI's trademark rights and requesting that ALI provide Plaintiffs with some information regarding their licensees. This letter concluded by stating, "Once we have this information we would be pleased to discuss this matter further with you.  Of course, we expressly reserve all rights and remedies that BBW and [VS] may have with respect to the matter set forth herein." Plaintiffs allege that they intentionally included this latter language because they had already begun to prepare to file the New York Action. (Pl. Mem. at 7).  ALI responded on December 6, stating that, "[i]t does not appear that these disagreements will be resolved through our respective arguments.  Thus this response will focus on your request for additional information." (Colucci Decl., Ex. 5).  ALI then identified seven of its licensees. (*Id*).

4

On December 11, 2006 Plaintiffs advised ALI that ALI's licensees did not substantiate ALI's claims of infringement.[1] (Colucci Decl., Ex. 5).  In closing, Plaintiffs stated, "if there are any other relevant licensees of ALI, we request that you provide them to us now in order for us to more fully consider ALI's claims." (*Id*).  ALI responded on December 13, 2006, with a letter reiterating its claims of infringement which concluded with "[p]lease let me know by Friday, December 15, 2006, if you are authorized to receive service of process." (Colucci decl., Ex. 6).

On December 13, 2006, Plaintiffs filed a complaint for Declaratory Judgment in this court.  On December 19, 2006, ALI filed suit against Plaintiffs in the Northern District of Florida alleging trademark infringement and seeking injunctive relief and monetary damages.

## DISCUSSION

Where two actions involving the same parties and issues are pending concurrently in different federal courts, courts in this Circuit follow the "first-filed rule" whereby the action which was filed first takes priority absent "special circumstances" or a balance of convenience in favor of the second. *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 555 (S.D.N.Y. 2000).

---

[1] Plaintiffs allegedly had difficulty locating some of the licensees identified by ALI and concluded that the others were "completely distinct from those sold by VS and BBW." (Pl. Mem. at 8).

5

Thus, there is generally a strong presumption in favor of the forum in which the first suit was filed.[2]

However, "[t]he first-filed rule is not be applied mechanically and this presumption "may be rebutted by proof of the desirability of proceeding in the forum of the second filed action.'" *Hanson PLC v. Metro-Goldwyn-Mayer Inc.*, 932 F.Supp. 104, 106 (S.D.N.Y. 1996). The party seeking to depart from the first-filed rule bears the burden of demonstrating the existence of circumstances which justify such a departure. *See Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 556 (S.D.N.Y. 2000). The court in which the first-filed case was brought should determine whether there are circumstances warranting a departure from the first-filed rule and this determination is committed to the sound discretion of the district court. *Id*.

## Special Circumstances

Courts in this circuit have found that special circumstances justifying an exception to the first-filed rule exist when the first suit constitutes an "improper anticipatory filing" or was motivated solely by forum shopping. *Reliance Insurance Co. v. Six Star, Inc.*, 155 F. Supp.2d 49, 54 (S.D.N.Y. 2001); *see also Kellen Co., Inc. v. Calphalon Corp.*, 54 F.Supp.2d 218, 223

---

[2] The Court acknowledges that the order in which the proceedings were filed is of diminished significance where, as here, the two suits were commenced within a short space of time. *See Don King Prods., Inc. v. Douglas*, 735 F.Supp. 522, 532 (S.D.N.Y. 1990). However, the shortness of the interval alone does not provide sufficient justification for ignoring the order of filing.

6

(S.D.N.Y.1999)("Most commonly, courts have recognized an exception to the first-filed rule where the first-filed action was instituted by the defendant in the second action, and the defendant won the race to the courthouse under questionable circumstances").

   i.   <u>Improper Anticipatory Filing</u>

An improper anticipatory filing is "one made under the apparent threat of a presumed adversary filing the mirror image of that suit" in another court. *Ontel Prod.*, 899 F.Supp. at 1150. Thus, Courts have exercised discretion in favor of a second-filed action where a party files a declaratory action after receiving specific notice that a party intends to commence litigation. *Id.* To constitute such notice, a letter must inform a party "of the intention to file suit, a filing date and/or a specific forum for the filing of the suit." *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F.Supp. 486, 491 (S.D.N.Y. 1995).

The fact that an action seeks a declaratory judgment does not necessarily mean that it is an improper anticipatory filing. *Schnabel v. Ramsey*, 322 F.Supp.2d 505, 513 (S.D.N.Y. 2004). A party has a right to seek declaratory judgment where a reasonable apprehension exists that if it continues an activity it will be sued by another party. *Id.* Thus, since every suit seeking a declaratory judgment is not an improper anticipatory filing, "[a] party's reasonable apprehension of a legal

7

controversy may be sufficient to satisfy the requirements of a justiciable controversy without rising to the level of a direct threat of imminent litigation." *Id.*

ALI has not persuaded the court that Plaintiffs' filing was made under the imminent threat of ALI filing a mirror image suit. First, Plaintiffs have submitted affidavits which attest to the fact that Plaintiffs' complaint was prepared and readied for filing prior to the receipt of ALI's December 13th letter. (Colucci Decl. ¶ 12; *see also* Yoon Decl. ¶ 9). These verified statements that Plaintiffs had already made the decision to file suit greatly undercuts ALI's contention that the December 13th letter triggered the filing of the New York action.

Second, the December 11, 2006 letter was not sufficient to put Plaintiffs on notice of a forthcoming lawsuit. ALI's restatement of its claims of infringement and inquiry into whether counsel was authorized to receive service of process did not reach the level of specificity demanded by this Circuit's case law which, as stated above, requires a notice letter to state "the intention to file suit, a filing date, and/or a specific forum for the filing of the suit." *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F.Supp. 486, 491 (S.D.N.Y. 1995). ALI had sent several cease and desist letters to Plaintiffs seeking to obtain a licensing agreement with them. Thus, the December 13th letter was consistent with ALI's earlier correspondence and could

8

conceivably have been another attempt to encourage Plaintiffs to negotiate.  However, even if the Court were to conclude that the December 13th letter did constitute notice of an imminent suit, Plaintiffs' filing was not improper because it did not 'mirror' the threatened suit.  ALI's December 13th letter inquired as to whether process could be accepted with respect to VS and VSD but not with respect to BBW.  However, ALI's cease and desist letters did include allegations of alleged infringement by BBW.  Therefore, Plaintiffs' declaratory judgment action sought a more comprehensive resolution of disputed issues.

Further, this is not a case where a threat of litigation was followed by settlement talks which might have delayed a party which otherwise would have pursued legal action.  The evidence before this Court does not show that the parties were engaged in settlement negotiations at the time this action was commenced Rather, Plaintiffs consistently rejected ALI's claims.[3]  Here, as in *J.Lyons & Company Ltd. V. Republic of Tea, Inc.*,"[w]hen no understanding was reached and [ALI] continued its cease and desist letters, [Plaintiffs] had every right to seek a definitive resolution of the issues."  892 F.Supp. 486, 491 (S.D.N.Y. 1995).

   ii.  <u>Forum Shopping</u>

---

[3] Despite ALI's contentions otherwise, the fact that Plaintiffs' responses included inquiries with respect to ALI's licensees, does not alter the Court's finding that Plaintiffs flatly and consistently rejected ALI's claims of infringement.

9

Defendant alternatively claims that this Court should depart from the first-filed rule because Plaintiffs' choice of the New York forum constitutes forum shopping. (Def. Mem. at 10). Defendant contends that Plaintiffs filed suit in this Court because of the Second Circuit's treatment of trademark infringement damages.[4] (*Id.*). In support of this assertion, Defendant argues that neither the action nor the Plaintiffs, Delaware Corporations with their respective headquarters in Ohio, have a strong connection to New York.

As the Second Circuit has noted, the chief 'special circumstance' giving rise to an exception to the first-filed rule is where the first suit was filed as a result of forum shopping. *Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir.1986). However, "a litigant is 'open to a charge of forum shopping [only when] he chooses a forum with slight connection to the factual circumstances surrounding the suit." *Columbia Pictures Indus., Inc. v. Schneider*, 435 F.Supp. 742, 746 (S.D.N.Y. 1977)(quoting *Rayco Mfg. Co. v. Chicopee Mfg.Co.*, 148 F.Supp. 588, 593 (S.D.N.Y. 1957).

---

[4] The Second Circuit has held that "a finding of defendant's willful deceptiveness is a prerequisite for awarding profits." *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992). The Eleventh Circuit has no such requirement. *See Burger King Corp. v. Mason*, 855 F.2d 779, 783 (11th Cir. 1988).

10

In the present case, all parties transact business in the State of New York. Plaintiffs maintain five corporate offices within this district "which are intricately involved in the day to day national operation of VS and BBW's nationwide retail stores, catalog and website sales. (Colucci Decl. ¶ 15). Plaintiffs also have over 100 retail stores located in New York State, which sold the Aspen products at issue. Thus, the Court finds that the Southern District of New York has more than a slight connection to the factual circumstances of this suit.

## Balance of Conveniences

Although defendant has not shown that any special circumstances are sufficiently compelling to deviate from the first-filed rule, departure from the general rule may be warranted if the balance of convenience weighs in favor of proceeding in Florida. *See Citigroup*, 97 F.Supp.2d at 560. The factors which guide this determination are the same as those considered pursuant to a 28 U.S.C. § 1404(a) motion to transfer venue. *J Lyons & Co. Ltd. v. Republic of Tea. Inc.*, 892 F.Supp. 486 (S.D.N.Y. 1995). These are: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witness; (6) the relative means of the parties; (7) a forum's

11

familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *See 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 133-134 (S.D.N.Y. 1994).  However, balancing factors of convenience is essentially an equitable task and a district court is afforded discretion in determining whether a forum is suitable. *Id*. at 133.

In the instant action, the balancing of conveniences does not overcome the presumption of allowing the action to continue in the forum where it was first filed. ALI has not demonstrated that any of the factors listed above weigh in favor of proceeding in the Florida action.  In fact, it appears that none of the parties, witnesses or documents relevant to this case are located in the Northern District of Florida.[5]  The Southern District is certainly familiar with the law governing trademark disputes.  Accordingly, the Court finds no reason to believe that this suit cannot efficiently proceed in this forum.

## Conclusion

Accordingly, Defendant's motion to dismiss or the stay this action is DENIED.  The parties are reminded that this case has

---

[5] ALI's offices are located within the State of Florida but are not within the Northern District of Florida and indeed are several hundred miles away from that district.

12

been referred to Magistrate Judge Katz for general pre-trial purposes.

**SO ORDERED:**

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          December 06, 2007